# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02240-CMA-STV

JOSEPH E. GOMEZ, III,

    Plaintiff,

v.

SAM'S WEST, INC.,

    Defendant.
_____

# ORDER
_____

Magistrate Judge Scott T. Varholak

    This matter is before the Court on Plaintiff's Motion to Continue Case Scheduling Order Dates Out for a Period of Six Months (the "Motion") [#44]. The Motion has been referred to this Court. [#46] This Court has carefully considered the Motion, related briefing, the case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, I **DENY** the Motion.

**I.    Background**

    Plaintiff initiated this employment discrimination action on September 5, 2016. [#1] On December 5, 2016, this Court entered a Scheduling Order. [#26] The Scheduling Order set an August 7, 2017, discovery cut-off deadline. [*Id.* at 5] The Court allowed eight months for discovery despite Defendant's request for a six-month discovery period. [*Id.*] The Court lengthened the discovery period based upon

Plaintiff's counsel's representation that her husband was ill and that this illness necessitated a lengthier discovery period.

Despite this lengthier discovery period, Plaintiff filed the instant Motion seeking a six-month extension of all of the dates set by the Scheduling Order. [#44] As grounds, Plaintiff states that his counsel's husband is a pancreas transplant patient who has been ill with a serious transplant related medical issue, Cytomegalovirus ("CMV"), since November 10, 2016. [*Id.* at 1] According to the Motion, counsel "is her husband's caregiver, provides daily care for her husband, and is normally present at hospital visits and medical appointments." [*Id.* at 2] As a result, Plaintiff's counsel "has not been able to do the discovery that she intends to do in this case because of the constant severe medical illness issues that have been occurring with her husband." [*Id.*] Based upon discussions at earlier motions hearings, it appears that Plaintiff has not submitted any written discovery or taken any depositions.

## II. Analysis

"Numerous courts have noted . . . that a 'Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Washington v. Arapahoe Cty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (quoting *Widhelm v. Wal-Mart Stores, Inc.*, 162 F.R.D. 591, 593 (D. Neb. 1995)). As a result, Federal Rule of Civil Procedure 16(b)(4) allows modification of a Scheduling Order "only for good cause and with the judge's consent." "Demonstrating good cause under the rule 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Minter v.*

2

*Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006)); *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 681 (D. Colo. 2014). Nonetheless, "total inflexibility is undesirable." *Lehman Bros. Holdings Inc.*, 300 F.R.D. at 681-82 (quoting *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 559, 604 (10th Cir. 1997)).

When exercising discretion to modify a Scheduling Order, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence. *See id.* at 681. Weighing these factors, the Court finds that Plaintiff has not demonstrated good cause to amend the Scheduling Order.

Although trial is not imminent (factor one), a factor that would support good cause, the remaining five factors weigh against Plaintiff. The request is opposed (factor two) and while the prejudice may not be extreme, Defendant will be prejudiced by having this matter continue to linger for an additional six months (factor three). Moreover, while conducting some discovery will undoubtedly lead to some relevant evidence (factor six), Plaintiff has not explained why he cannot conduct that discovery in the nearly two months remaining in the current discovery schedule. Moreover, at the time of the Scheduling Conference, it was entirely foreseeable that Plaintiff would need

3

to conduct some discovery (factor five). Plaintiff requested eight months to conduct that discovery, and the Court granted that request over Defendant's objection.

Perhaps most importantly, Plaintiff has not demonstrated the necessary diligence for amending the deadlines set forth in the Scheduling Order (factor four). Plaintiff's Motion relates that his counsel's husband has been sick and that counsel provides daily care for her husband, including attending hospital visits. [#44 at 2] Plaintiff's Reply details the history of counsel's husband's illness, and relates that counsel and her husband were out of state from November 28, 2015, through April 10, 2016. [#49 at 4] Neither the Motion nor the Reply, however, explain why this illness has prevented counsel from conducting necessary (perhaps any) discovery in the six months since discovery began. The Motion and the Reply provide little detail regarding the number of hours counsel currently spends caring for her husband or the number of hours spent at the hospital or medical appointments. Without such details, Plaintiff has not "provide[d] an adequate explanation for any delay." *Strope*, 315 F. App'x at 61.

Similarly, Plaintiff has not provided any description of the discovery that he seeks to undertake. Plaintiff has not stated who he seeks to depose, or the type of written discovery he intends to propound. Indeed, the Motion and Reply combined total eleven pages. [#44, 49] In the time spent drafting these documents, Plaintiff's counsel could have propounded written discovery requests.

Finally, Plaintiff has failed to explain how a six month extension will enable him to conduct necessary discovery when Plaintiff has failed to conduct much (if any) discovery beyond initial disclosures in the first six months of the current discovery period. The Motion and Reply rely entirely upon the medical conditions of Plaintiff's

4

counsel's husband.  But, neither explain how those medical conditions are anticipated to change over the next six months such that counsel will be able to conduct any necessary discovery.  Indeed, the Motion relates that counsel and her husband may need to return to the transplant hospital in Wisconsin.  Such a move would seem to make it less likely that Plaintiff could conduct discovery in the extended time period, as opposed to conducting discovery now while counsel remains in Colorado.

The Court is sympathetic to Plaintiff's counsel's family medical problems.  But, the Motion and the Reply have failed to demonstrate the good cause necessary for amending the Scheduling Order.  Accordingly, Plaintiff's Motion to Continue Case Scheduling Order Dates Out for a Period of Six Months [#44] is **DENIED**.

DATED:  June 12, 2017                                    BY THE COURT:

                                                                        s/Scott T. Varholak
                                                                        United States Magistrate Judge